IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

OLIVER A. PENTINMAKI, JR.,

                Plaintiff,

v.

STATE OF WISCONSIN,

                Defendant.

ORDER

09-cv-718-slc

_____

On December 2, 2009, I entered an order giving plaintiff until December 21, 2009 to submit a copy of his six-month trust fund account statement so that I may assess an initial partial payment of the fee for filing this case. In addition, I told plaintiff to show a copy of the order to prison officials to insure that they are aware they should send plaintiff's trust fund account statement to this court. Now plaintiff has submitted 1) a motion for a legal loan; 2) a letter dated December 17, 2009, that I construe as a motion for an order directing the warden to send plaintiff's trust fund account statement to the court; and 3) a supporting affidavit. Dkts. 4, 6 and 7. In his affidavit, plaintiff says that he showed a copy of the December 21 order to a prison official named Cheryl Adomovich. In addition, plaintiff says in his motion for a court order that he received a response from another prison official, Mary Vande Slunt, stating that plaintiff does not have the necessary funds to pay for a copy of the statement and that he would need an order granting him a legal loan extension to obtain a copy of the statement.

In 28 U.S.C. § 1915(b)(4), Congress provided that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Before I can find that plaintiff qualifies for passage under this provision, I must be able to

conclude from evidence in the record that plaintiff has no means and no assets.

Plaintiff has not submitted copies of his communications to and from prison authorities indicating why he has been unable to obtain a copy of his trust fund account statement. However, from his affidavit it appears that plaintiff has made a good faith effort to obtain a copy of his trust fund account statement but has been unable to do so because he has exceeded the legal loan limit authorized under state statute and thus cannot pay for the copy. In *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that incarcerated persons are not entitled to unlimited free supplies and photocopies so that they can prosecute as many lawsuits as they wish. The court held that district courts in Wisconsin are under no obligation to order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under Wisconsin's legal loan statute, Wis. Adm. Code § DOC 309.51. Under this holding, I conclude that Wisconsin is under no obligation to lend plaintiff the money he needs to purchase the statement. From my review of plaintiff's submissions, I am inclined to infer that plaintiff has no means or assets to purchase a copy of his trust fund account statement and thus qualifies to proceed *in forma pauperis* under § 1915(b)(4).

ORDER

It is ORDERED that:

(1)  Plaintiff Oliver Pentinmaki qualifies to proceed *in forma pauperis* under 28 U.S.C. § 1915(b)(4);

(2)  Plaintiff's motion for a legal loan, dkt. 4, and motion for an order directing the warden to send plaintiff's trust fund account statement to the court, dkt. 7, are denied as moot;

(3)  Plaintiff's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915A to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  Plaintiff will be notified promptly when such a decision has been made.  In the meantime, if plaintiff needs to communicate with the court about his case, he should be sure to write the case number shown above on his communication.

Entered this 28th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge